**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. C-03-9(1) |
| | § | |
| FREDERICK S. DWORAZCYK | § | |
| | § | |

**ORDER DENYING MOTION**

Pending before the Court is Frederick S. Dworazcyk's ("Dworazcyk") "'Motion for Clarification of Intent at Sentencing' [Request for Concurrent Sentences]," (D.E. 48), which the Clerk received on November 16, 2005. In it, Dworazcyk requests that the Court "clarify" its judgment to show that it intended his sentence in the instant case to run concurrently with a subsequently-imposed state sentence.

As discussed in more detail below, no "clarification" of Dworazcyk's sentence is required. Moreover, to the extent that Dworazcyk seeks to challenge the Bureau of Prison's computation of his sentence, the proper vehicle for seeking such relief is a petition for habeas corpus pursuant to 28 U.S.C. § 2241, which he has already filed and which is pending before the United States District Court for the Eastern District of Arkansas. Finally, to the extent that Dworazcyk is asking for a change or reduction in his sentence, this Court is without authority to modify his sentence. His motion is therefore DENIED.

**I. BACKGROUND**

Dworazcyk was charged in a one count indictment on January 8, 2003, with knowingly possessing a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

1

(D.E. 1). He was sentenced on November 7, 2003 to a term of imprisonment of 33 months, to be followed by a two-year term of supervised release, and a $100.00 fine and $100.00 special assessment. (D.E. 45, 46). Written judgment of his conviction and sentence was entered on November 13, 2003. (D.E. 46). He did not appeal.

On November 16, 2005, he filed the instant motion for clarification. (D.E. 48). In it, he asserts that the written judgment of his conviction and sentence does not state whether his sentence in this case was to run concurrent with the sentence for his state offense. He argues that they should, and appears to be relying on various facts in support of his claim. First, he alleges that he asked this Court during sentencing when his federal sentence would start, and that the Probation Officer told him that the federal sentence should start on April 7, 2003, the date of his guilty plea.[1] Second, he claims that his subsequently-imposed state sentence requires that it be imposed concurrently with the federal sentence.[2] Third, he points to the response of the Bureau of Prisons to his pending § 2241 petition to argue that this Court could "clarify" that it intended to order his sentence run concurrent to his state sentence. If it did so, he contends that the BOP would likely designate "nunc pro tunc" his current federal sentence to begin on the date it was imposed and designate the Texas Department of Corrections as the place for service of that sentence.

According to his motion and its various attachments, the BOP has taken the position that his

---

[1] The digital recording of the sentencing does not contain any such discussion at sentencing. There was a brief discussion about Dworazcyk's custodial status, during which the Court inquired as to how long he had been in federal custody. The Court was informed that he had been in federal custody ten months and one day, according to the Defendant's statement at sentencing (although defense counsel stated it had been since August 2002) and in state custody since February 2002. (Digital Recording of November 7, 2003 Sentencing at 11:17). Nothing about the discussion, however, could be reasonably interpreted to be an assurance that his federal sentence had commenced prior to sentencing.

[2] Identical claims has been soundly rejected by the Fifth Cicuit. See, e.g., Leal v. Tombone, 341 F.3d 427, (5th Cir. 2003) (*per curiam*) (federal authorities are not bound by sentencing orders from state courts).

sentence did not start until April 7, 2005, after Dworazcyk was released from state prison into federal custody. He was given six days credit for prior time served, but the BOP did not count as time served on his federal sentence the period between the date of his federal sentencing through his release from state custody.

## II. ANALYSIS

Dworazcyk does not specify what statute or rule provides the Court authority to "clarify" its order. Nonetheless, this Court considers herein various avenues for doing so, and notes that it is without authority at this time to order that his state and federal sentences run concurrently.

As an initial matter, it is worth noting that no "clarification" of Dworazcyk's sentence is necessary. Dworazcyk suggests that the Court's "silence" at sentencing indicates that it intended to order his federal sentence to run concurrently with his state sentence. In fact, the law holds that the opposite is true. Indeed, "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003); 18 U.S.C. § 3584(a).

Moreover, to the extent Dworazcyk is challenging this Court's decision not to order a concurrent sentence, his challenge is without merit. He should have challenged this issue on appeal. But even if had raised it then, the Fifth Circuit has succinctly held that whether a sentence should run consecutively or concurrently is committed to the sound discretion of the district court and will be reviewed only for an abuse of discretion. United States v. Brown, 920 F.2d 1212, 1216 (5th Cir. 1991). This Court knew of its authority to impose a concurrent sentence and knew that Dworazcyk was before the Court on a writ of habeas corpus ad prosequendum from Texas. (PSR cover page and ¶ 34). The Court's decision at sentencing to remain silent indicates that the sentences were to run

consecutively. Accordingly, there is no need to "clarify" his sentence.

To the extent that Dworazcyk is challenging the Bureau of Prison's computation of his sentence or his release date, such challenge is properly asserted in a motion under 28 U.S.C. § 2241. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2. (5th Cir. 1990). It must be filed in the same district where the prisoner is incarcerated. Pack, 218 F.3d at 451. As noted, Dworazcyk has filed a § 2241 motion in the United States District Court for the Eastern District of Arkansas, and that motion remains pending at this time, according to his motion.

Finally, to the extent that Dworazcyk's motion can be interpreted to request that the Court modify his sentence, this Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Dworazcyk does not assert grounds for modification that fall into any of these categories. Therefore, the Court does not have authority to alter Dworazcyk's sentence.

### III. CONCLUSION

For the foregoing reasons, Dworazcyk's motion for clarification (D.E. 48) is DENIED.

ORDERED this 23rd day of November 2005.

_____
Janis Graham Jack
United States District Judge